Electronically Filed
Intermediate Court of Appeals
29181
01-DEC-2010
07:48 AM

NO. 29181

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


BRANDT HOMES INCORPORATED, a Hawaii corporation,
Plaintiff-Appellee,
v.
ANTHONY CHARLES GRANDE, and NARINDAR KAUR GRANDE,
Defendants-Appellants,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10,
DOE CORPORATIONS 1-10, DOE GOVERNMENTAL UNITS 1-10,
and DOE ENTITIES 1-10, Defendants.


ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,
Counterclaimants-Appellants,
v.
BRANDT HOMES INCORPORATED, JEFFREY BRANDT,
and NA PALI HAWEO COMMUNITY ASSOCIATION,
Counterclaim Defendants-Appellees.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 05-1-2061)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Defendants/Counterclaimants/Appellants Anthony Charles
Grande and Narindar Kaur Grande (the Grandes) appeal from the
Final Judgment filed on March 10, 2008 in the Circuit Court of
the First Circuit (circuit court)[1] in favor of

_____

[1] The Honorable Glenn J. Kim presided.

Plaintiff/Counterclaim-Defendant/Appellee Brandt Homes, Inc. and Counterclaim-Defendant/Appellee Jeffrey Brandt (collectively the Brandt Appellees).

The Grandes retained Brandt Homes, Inc. to construct a residence for the Grandes in the Na Pali Haweo planned community above Hawaii Kai. A dispute arose between the parties because portions of the residence did not comply with Na Pali Haweo Community Association (Association) design guidelines under applicable covenants, conditions, and restrictions. Brandt Homes, Inc. initiated this lawsuit seeking to recover $31,875.14 for unpaid labor and materials used in the construction. The Grandes filed a counterclaim against the Brandt Appellees, claiming the Brandt Appellees were responsible for the purported failure to conform to the design guidelines and therefore were responsible for, *inter alia*, all expenses the Grandes incurred in defending lawsuits by the Association and a neighbor and for the costs of modifying and completing construction. After a bench trial, the circuit court entered judgment in favor of the Brandt Appellees and awarded them attorneys' fees and costs.

On appeal, the Grandes assert that the circuit court reversibly erred by: (1) denying the Grandes judgment and at least nominal damages on their counterclaim and awarding the Brandt Appellees attorneys' fees and costs as the prevailing parties; (2) denying the Grandes' motion for partial summary judgment; (3) entering judgment in favor of the Brandt Appellees on the complaint; (4) granting the Brandt Appellees' motion for protective order regarding the deposition notice of Edward Resh (Resh),[2] precluding Resh and the Grandes' counsel from testifying at trial, and refusing to take judicial notice of particular facts; (5) concluding that Resh had authority to agree to

_____

[2] Resh is an architect and was retained by the Grandes to design the residence and superintend its construction.

2

deviations from the design plan, that Resh approved certain deviations, and thus the Brandt Appellees were not responsible to the Grandes for damages; (6) concluding that Brandt Homes, Inc.'s error in building the house too close to the property line was insignificant and that Brandt Homes, Inc. need not compensate the Grandes for the error; (7) concluding that Brandt Homes, Inc. properly walked off the job and need not compensate the Grandes for resultant damages; (8) denying the Grandes' motion for reconsideration and/or new trial.[3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced, the issues raised by the parties, and the relevant case law, we resolve the Grandes' points of error as follows:

(1) The circuit court concluded that the Brandt Appellees substantially performed under, and did not materially breach, the contract with the Grandes. The Grandes point to the circuit court's finding that a portion of the garage area was approximately three inches short of the mandated twenty foot front setback to argue that the Brandt Appellees breached the construction contract. However, the circuit court also made findings that:

> this very minor discrepancy alone would have caused no
> significant difficulty for the Grandes and that it was only
> in combination with the other, material breaches of the
> Guidelines, together with the Grandes' stubborn refusal to
> wholeheartedly attempt to reach some sort of accommodation
> with the Association that compelled the latter to refuse
> what would otherwise have been an easily-granted variance.

---

[3]  There are eight points of error presented in the "Points of Error" section of the Appellants' Opening Brief. However, there are only seven points listed under the "Argument" section of the brief. For consistency's sake, we refer to the Appellants' points of error as they are numbered in the Points of Error section rather than in the Argument section.

The circuit court determined that the material breaches of the design guidelines were not the fault of the Brandt Appellees. Additionally, as discussed *infra* regarding their sixth point of error, the Grandes waived any challenge to the circuit court's finding that the approximate three inch error by the Brandt Appellees was insignificant. Therefore, given the circuit court's findings and its conclusion that the Brandt Appellees did not materially breach the contract with the Grandes, the circuit court did not err in granting judgment in favor of the Brandt Appellees on the Grandes' counterclaim, properly did not award nominal damages to the Grandes on their counterclaim, and did not err in awarding attorneys' fees and costs to the Brandt Appellees as prevailing parties on the counterclaim.

(2) The Grandes' motion for partial summary judgment was supported by a declaration from Resh which stated that parts of the construction by the Brandt Appellees "did not comply with the construction contract, the Description of Work, the General Notes, the Plans and Specifications, or the Design Guidelines" in various, multiple respects. On appeal, the Grandes rely on a provision in the construction contract which they assert required that disputes under the contract be submitted to Resh and which made his decision final, unless arbitration was requested. The Grandes contend that Resh's declaration resolved various issues in the case and, because the Brandt Appellees failed to seek arbitration to contest Resh's declaration, his determinations are final.

The Grandes have waived this argument. Although the Grandes made reference in their moving papers to the contract provision allowing Resh to decide disputes, the issue of arbitration was not raised or addressed in their motion for partial summary judgment. Rather, the Grandes sought to raise the issue of arbitration by way of a Motion For Leave to File

4

Second Amended Answer filed on May 14, 2007, which was a year and a half after the Complaint had been filed and with trial scheduled to begin on June 18, 2007. The circuit court denied this motion, the Grandes did not raise this as a point of error, and therefore they have waived the issues related to arbitration. See Whitey's Boat Cruises, Inc. v. Napali-Kauai Boat Charters, Inc., 110 Hawai'i 302, 318 n.26, 132 P.3d 1213, 1229 n.26 (2006) ("Appellants did not assign as error the circuit court's dismissal of Appellants' claim for injunctive relief . . . [a]s such, Appellants' contention with respect to injunctive relief is deemed waived.") (citing HRAP Rule 28(b)(4) ("Points not presented in accordance with this section will be disregarded[.]") and HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.")).

(3) The Grandes' third point of error contends that because they should prevail on their counterclaim and be awarded at least nominal damages, they are entitled to an offset on the judgment, as well as the attorneys' fees and costs awarded to the Brandt Appellees. For the reasons discussed above, the circuit court properly determined that the Grandes did not prevail on their counterclaim and as a result no offsets are warranted.

(4) The Grandes' fourth point of error concerns the deposition of Resh, who was listed by the Grandes as an expert witness for trial and was the subject of several motions before the circuit court. Rule 26 of the Hawai'i Rules of Civil Procedure (HRCP) (2004) governs discovery matters in civil litigation. Because "the extent to which discovery is permitted under Rule 26 is subject to considerable latitude and the discretion of the trial court . . . the exercise of such discretion will not be disturbed in the absence of a clear abuse of discretion that results in substantial prejudice to a party." Hac v. Univ. of Hawai'i, 102 Hawai'i 92, 100-01, 73 P.3d 46, 54-55

5

(2003) (internal quotation marks, citations, brackets, and ellipsis omitted). Likewise, we review determinations by a trial court whether an expert witness will be allowed to testify at trial under the abuse of discretion standard. See Craft v. Peebles, 78 Hawai'i 287, 301, 893 P.2d 138, 152 (1995) ("On appeal, the admissibility of expert testimony is reviewed for abuse of discretion.") (citation omitted); see also State v. Murphy, 59 Haw. 1, 575 P.2d 448 (1978) ("The general rule is that admissibility of expert testimony is a matter within the broad discretion of the trial judge, and his decision will not be overturned on appeal unless manifestly erroneous or clearly an abuse of discretion.") (citations omitted).

On May 11, 2007, after twice noticing Resh's deposition, the Brandt Appellees brought a motion to compel Resh's deposition asserting that Resh was refusing to make himself available for deposition although he had, during the approximate same time period, signed the declaration that was used to support the Grandes' motion for partial summary judgment. The Grandes opposed the Brandt Appellees' motion to compel Resh's deposition on various grounds, and the circuit court ultimately denied the motion to compel given Resh's medical condition at the time. In denying the motion to compel, however, the circuit court noted that it would preclude Resh from testifying at trial unless the Brandt Appellees were given an opportunity to depose him. Subsequently, the circuit court also denied a motion for protective order filed by the Grandes which had sought to preclude or limit the deposition of Resh, and the circuit court reiterated that Resh would not be allowed to testify at trial unless the Brandt Appellees were given an opportunity to depose him.

On June 1, 2007, the Brandt Appellees again noticed Resh's deposition, but the sheriff hired to serve a subpoena on Resh was unable to locate him upon several attempts at service. Then, on June 13, 2007, the Grandes noticed Resh's deposition, to be taken two days later on June 15, 2007. Because of the short notice and because the deposition of Jeffrey Brandt had already been scheduled all day for June 15, 2007, the Brandt Appellees filed a motion for protective order. The circuit court granted the Brandt Appellees' motion for protective order and further ordered that, pursuant to its prior orders, Resh would not be allowed to testify at trial, which was scheduled to commence on June 18, 2007. The circuit court's order stated: "Mr. Resh's deposition could not be used at trial because the Notice violated Rule 32(a)(3) of the Hawai'i Rules of Civil Procedure and Brandt was not served with reasonable notice. Further, Mr. Resh will not be allowed to testify at trial based on previous Orders of this Court."[4]

Given the circumstances set out above, it was not an abuse of discretion by the circuit court to grant the motion for protective order precluding Resh's deposition on two day's notice and to be taken just three days prior to trial. In addition, it was not an abuse of discretion to preclude Resh from testifying at trial as an expert witness, where the Brandt Appellees had sought to take his deposition but had been unable to do so.

---

[4]   HRCP Rule 32(a)(3) (2004) provides in relevant part:

> nor shall a deposition be used against a party who, having received less than 11 days notice of a deposition, has promptly upon receiving such notice filed a motion for a protective order under Rule 26(c)(2) requesting that the deposition not be held or be held at a different time or place and such motion is pending at the time the deposition is held.

The Grandes fail to make any substantive argument, fail to cite any authority, and fail to properly cite to relevant portions of the record related to their assertions that: it was error for the trial court to preclude their counsel from testifying at trial, and that the circuit court should have taken judicial notice of facts and documents. We therefore deem these issues waived.[5]

(5) The Grandes' points of error five and seven address findings of fact made by the trial court. HRAP Rule 10(b)(3) (2006) mandates that "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion." (emphasis added). Here, the Grandes failed to make any trial transcripts a part of the record on appeal.

"The law is clear in this jurisdiction that the appellant has the burden of furnishing the appellate court with a sufficient record to positively show the alleged error. An appellant must include in the record all of the evidence on which the lower court might have based its findings and if this is not done, the lower court must be affirmed." Union Bldg. Materials

---

[5] Rule 28(b)(7) of the Hawai'i Rules of Appellate Procedure (HRAP), provides:

> Within 40 days after the filing of the record on appeal, the appellant shall file an opening brief, containing the following sections in the order here indicated: . . . [t]he argument, containing the contentions of the appellant on the points presented and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on. The argument may be preceded by a concise summary. Points not argued may be deemed waived."

(2007) (emphasis added).

8

Corp. v. Kakaako Corp., 5 Haw. App. 146, 151-52, 682 P.2d 82, 87 (1984) (internal citations omitted) (emphasis added).

The Grandes did not meet their burden of providing this court with a "sufficient record to positively show the alleged error." Therefore, we find no error with regard to the findings of the circuit court challenged by the Grandes in points of error five and seven.

(6) The Grandes provide no argument with regard to their sixth point of error, that the circuit court erred in finding that Brandt Homes, Inc.'s mistake in building the house too close to the front property line was insignificant. Pursuant to HRAP Rule 28(b)(7), we deem this point of error as waived. Further, even if this issue were not waived, the Grandes would not prevail on this point of error for the same reasons set out above regarding points of error five and seven.

(7) For their last point of error, the Grandes argue, in total, that:

> Even if everything the trial court did through its entry of judgment was correct, the US District Court's subsequent entry of summary judgment against [the] Grandes, and its direction of the entry of a permanent injunction against them, should have triggered an order granting them a new trial, and/or deleting the judgments against them.

The Grandes cite no authority, make no references to the record, and provide no discernible basis to support their assertion. We find no error by the circuit court in denying the Grandes' motion for reconsideration and for new trial.

9

Therefore,

IT IS HEREBY ORDERED that the "Final Judgment as to Claims Between Brandt Homes, Incorporated/Jeffrey Brandt and Anthony Charles Grande/Narindar Kaur Grande" filed on March 10, 2008 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, December 1, 2010.

On the briefs:

Steven B. Jacobson
for Defendants-Appellants

Cid H. Inouye
Kristi L. Arakaki
(O'Connor Playdon & Guben LLP)
for Plaintiffs-Appellees

Presiding Judge

Associate Judge

Associate Judge